**UNITED STATES of America, Appellee,**

v.

**Juan Jose AVELLO–ALVAREZ, Defendant–Appellant.**

**Docket No. 05–0638–CR.**

United States Court of Appeals, Second Circuit.

Argued: Nov. 17, 2005.

Decided: Dec. 6, 2005.

---

Jeremy F. Orden (Bernard V. Kleinman, of counsel), New York, NY, for Defendant–Appellant.

William F. Johnson, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Robin L. Baker, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Before: SOTOMAYOR and KATZMANN, Circuit Judges, EATON, Judge.*

SOTOMAYOR, Circuit Judge.

Defendant-appellant Juan Jose Avello–Alvarez ("appellant") was convicted on his plea of guilty to conspiring to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846. After considering the applicable guideline range of 63 to 78 months' imprisonment and sentencing factors pursuant to 18 U.S.C. § 3553(a), the United States District Court for the Southern District of New York (Swain, J.) imposed a sentence of 60 months' imprisonment. This sentence represented a downward departure pursuant to U.S.S.G. § 5K2.0(a)(4) for extraordinary family circumstances. The district court further imposed a seven-year term of supervised release—a three-year increase above the term recommended by the Probation Department in the Presentence Report ("PSR"). The court explained that the extended term of supervised release was necessary because of appellant's "past criminal conduct and the pressures that he may perceive in dealing with issues relating to his own safety and that of his family after his release for deportation." This explanation elaborated on the district court's previous statement that it was considering an extended term

---

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

of supervised release because of "an unusual need for conduct constraint, support and supervision of the defendant, particularly if he has the opportunity to remain in this country, due to his substance abuse and emotional issues, and the stress and pressure associated with the perception of danger associated with" events the district court had discussed.

Appellant challenges only the imposition of the seven-year term of supervised release. He contends that this term is substantively unreasonable because it is greater than the term recommended by the Department of Probation in his PSR.

## DISCUSSION

■ Prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this Court reviewed a district court's departure from the term of supervised release prescribed by the Sentencing Guidelines for reasonableness. *See United States v. Stevens,* 192 F.3d 263, 267 (2d Cir.1999) (reviewing upward departure to lifetime term of supervised release for reasonableness); *United States v. Mora,* 22 F.3d 409, 413 (2d Cir.1994) (reviewing upward departure for term of supervised release for reasonableness). *But see United States v. Rivera,* 192 F.3d 81, 87–88 (2d Cir.1999) (holding that the district court's upward departure for supervised release was not an abuse of discretion). Under that standard, we required a district court to state the reason for the magnitude of the departure, *United States v. Marquez,* 941 F.2d 60, 64–65 (2d Cir.1991), and then examined " 'whether the departure [was] reasonable in light of the justification given.' " *Mora,* 22 F.3d at 413 (quoting *United States v. Campbell,* 967 F.2d 20, 27 (2d Cir.1992)).

■ In *Booker,* the Supreme Court established that a district court's imposition

of sentence is reviewed for reasonableness. 125 S.Ct. at 765–66; *United States v. Crosby,* 397 F.3d 103, 114–15 (2d Cir.2005). As we explained in *Crosby,* reasonableness has substantive and procedural dimensions. 397 F.3d at 114. Accordingly, this Court reviews both the length of the sentence as well as whether the district court treated the Sentencing Guidelines as advisory and considered the applicable Guidelines range and the factors listed in § 3553(a). *Id.* at 114–15. The reasonableness standard under which we review a sentencing court's imposition of supervised release above the otherwise applicable range thus remains unchanged in the wake of *Booker* and *Crosby.*

■ Here, appellant does not challenge the procedural reasonableness of his sentence, and we note that the district judge informed the parties of her intention to depart, gave the parties an opportunity to object, treated the Guidelines as advisory, considered the appropriate Guidelines sentence, as well as the sentencing factors under § 3553(a), and explained the reasons she imposed a seven-year term of supervised release. Substantively, the imposed term of supervised release is justified in light of appellant's recidivism, mental health needs, and substance abuse problems. Appellant does not even challenge any of the reasons given by the district court for the extended term, instead arguing that the sentence must be unreasonable because it was higher than that recommended by the Probation Department in his PSR. This argument is without merit. Prior to the Supreme Court's decision in *Booker,* we held that the Probation Department's sentencing report is merely a recommendation that does not bind a district court. *See United States v. Welbeck,* 145 F.3d 493, 498 (2d Cir.1998); *United States v. Rivera,* 96 F.3d 41, 43 (2d Cir. 1996). The Supreme Court's decision in

*Booker* does not give the Probation Department's recommendation any more force than it had before.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment and sentence of the district court.