UNITED STATES of America,
Appellee,

v.

Gregory Michael BOWLES,
Defendant–Appellant.

No. 06–4319–cr.

United States Court of Appeals,
Second Circuit.

Jan. 16, 2008.

Marianne Mariano, Federal Public Defender's Office, Western District of New York, Buffalo, NY, for Defendant–Appellant.

Stephan J. Baczynski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Gregory Michael Bowles appeals from an amended judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*), entered on October 20, 2006, sentencing him on a guilty plea principally to 87 months' imprisonment and lifetime supervised release, for one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). On appeal, Bowles challenges only the term of lifetime supervised release. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Bowles argues that his lifetime supervised release term is procedurally unreasonable because the District Court failed to justify the magnitude of its deviation from the Guidelines' maximum three-year term of supervised release, and substantively unreasonable because (1) the factors relied on do not support a non-Guidelines sentence, and (2) the reasons given by the District Court for the departure are common to all defendants.

We review a district court's sentence for procedural and substantive reasonableness, a standard "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (citing *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005)). First, an appellate court must:

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors,

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

For an "outside-Guidelines sentence" the district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.... After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* It is not controversial that "a major departure should be supported by a more significant justification than a minor one." *Id.*

Then, in reviewing for substantive reasonableness, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.; see also Fernandez*, 443 F.3d at 26–27. If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 128 S.Ct. at 597.

## I. Procedural Reasonableness

■ We find that Bowles's sentence was not procedurally unreasonable. In *Gall*, the Supreme Court found that the district court adequately explained it reasons when it sentenced Gall to probation based on his "explicit withdrawal from the conspiracy almost four years before the filing of the Indictment, [his] post-offense conduct, especially obtaining a college degree and the start of his own successful business, the support of family and friends, lack of crim-

inal history, and his age at the time of the offense conduct." *Id.* at 593; *see also United States v. Avello–Alvarez*, 430 F.3d 543, 544–45 (2d Cir.2005) (noting no error where the district court explained that an upward departure in the term of supervised release "was necessary because of appellant's past criminal conduct and the pressures that he may perceive in dealing with issues relating to his own safety and that of his family after his release" as well as "an unusual need for conduct constraint, support and supervision of the defendant, ... due to his substance abuse and emotional issues, and the stress and pressure associated with the perception of danger associated with events the district court had discussed" (internal quotation marks omitted)).

Similarly here, we find that the District Court adequately justified the magnitude of the departure. Though, originally, the District Court erroneously applied the 2005 Guidelines range, which specified a supervised release term of three years to life, upon objection and at a later hearing, the District Court correctly recognized that the appropriate Guidelines range was two to three years. In amending the judgment, the District Court correctly made clear that the sentence of lifetime supervised release was outside the Guidelines range and explained the departure by noting Bowles's "strong sexual obsession with children," problems with alcohol and drug abuse, a limited support network, a proclivity towards sexual activities with children, and a perception that children enjoyed the contact. The District Court also explained that the sentence reflected the Guidelines policy statement recommending lifetime supervision. *See* U.S.S.G. § 5D1.2(c) (2003). All these reasons were memorialized in the amended written judgment's statement of reasons.[1]

The District Court considered the sentence in light of the need for deterrence, punishment, retribution, protection of society, rehabilitation, and what would constitute the "most appropriate fair, just, and reasonable sentence under the circumstances." We do not require "the district court to utter any specific incantation," and find that the court's simple, fact-specific statement explaining why it imposed the sentence suffices. *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir.2006).

## II. Substantive Reasonableness

██ We also find that Bowles's sentence of lifetime supervision was substantively reasonable. In *United States v. Hayes*, 445 F.3d 536 (2d Cir.2006), we found the lifetime supervised release sentence for a defendant convicted, like Bowles, under 18 U.S.C. § 2252A, to be reasonable. We noted that the sentence was in conformity with the express recommendation of the Guidelines and the Policy Statement of U.S.S.G. § 5D1.2(b)(2); and, though we did not presume the reasonableness of the sentence on that basis, we found that it was reasonable, especially in light of evidence of the defendant's recidivism. *See Hayes*, 445 F.3d at 537; *see also Rattoballi*, 452 F.3d at 136 ("Although the district court is not required to adhere to the policy statements promulgated by the Commission, we do consider them in reviewing a sentence for reasonableness."). Although Bowles, unlike Hayes, has not been convicted of sexually abusing a child, the problems with his sexual deviance, perception that the children enjoyed the contact, long-term alcohol and drug abuse and mental illness, as well as a limited support

---

1. The Statement of Reasons in the Amended Judgment was provided to the Court under seal; we hereby unseal only that portion that is essential to this order. *See United States v. Spinelli*, 352 F.3d 48, 53 n. 2 (2d Cir.2003).

network certainly formed a strong and reasonable basis for the sentence. *See Avello–Alvarez*, 430 F.3d at 545 (finding an upward departure in the term of supervised release to be substantively reasonable as it was "justified in light of appellant's recidivism, mental health needs, and substance abuse problems").

Bowles's arguments to the contrary are unavailing. The District Court clearly engaged in a colloquy with defense counsel about Bowles's ability to control his behavior and his recent enrollment and participation in counseling and found those factors insufficient to allay its concerns. Along those lines, the District Court considered the letter from Bowles's counselor and noted so on the record. The District Court was also fully justified in its concerns regarding Bowles's particular limited support network and problems with sexual deviance and drug and alcohol abuse, even if those factors may not be wholly unique to Bowles. *See* 18 U.S.C. § 3553(a)(1) (permitting a court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"); U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.").

The record makes clear that the District Court considered the correct Guidelines range, the severity of the crime and the need to protect the public, a statement by Bowles, letters from his mother and counselor, and the Guidelines policy statement recommending lifetime supervision. We thus conclude that the District Court carefully considered the section 3553(a) factors, *see Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203

(2007), and that the sentence was reasonable, *see Fernandez*, 443 F.3d at 26.

Finally, we note that 18 U.S.C. § 3583(e)(2) authorizes district courts to "modify, reduce, or enlarge the conditions of supervised release." 18 U.S.C. § 3583(e)(2). In modifying such conditions, the court is empowered to consider the same factors governing the original sentence, including, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), and the need to "afford adequate deterrence to [future] criminal conduct," *id.* § 3553(a)(2)(B), "protect the public," *id.* § 3553(a)(2)(c), and provide the defendant with "correctional treatment," *id.* § 3553(a)(2)(D). *See id.* § 3583(e). On the occasion of Bowles's release or at any time before the expiration or termination of the supervised release term, should these factors have changed in such a way as to reduce or ameliorate the need for this special condition, he may challenge the condition under § 3583(e)(2), *see, e.g., United States v. Myers*, 426 F.3d 117, 129 (2d Cir.2005) (noting that "[f]acts and relationships may change over the years" and that "the district court may wish to reexamine the special conditions at a time closer to [the defendant's] release, when more facts will be clear").

For these reasons, we AFFIRM the judgment of the District Court.