09-1959-cr
United States v. Adams

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of May, two thousand ten.

Present:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges,*
> BRIAN M. COGAN,
> > *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                    09-1959-cr

RAHSAAN A. ADAMS, also known as Scrams,

> *Defendant-Appellant.*

_____

**FOR APPELLEE:**                    Richard T. Lunger, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *of counsel*) for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR APPELLANT:**                   David A. Lewis, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

_____

[*] The Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

1

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Rahsaan Adams appeals from a April 6, 2009 judgment of the District Court finding that defendant violated the terms of his supervised release and sentencing him principally to fifteen months' imprisonment. For the first time, on appeal defendant argues that the District Court erred by (1) failing to consider adequately certain factors that it must consider under 18 U.S.C. § 3553(a); (2) failing to explain adequately the reasons for the District Court's upward departure from the sentence suggested by the United States Sentencing Guidelines ("the Guidelines"); and (3) imposing a substantively unreasonable sentence on defendant. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Following *United States v. Booker*, 543 U.S. 220 (2005), a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez*, 517 F.3d 651, 660 (2d Cir. 2008); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Accordingly, the role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an "abuse-of-discretion" standard. *See Cavera*, 550 F.3d at 190; *see also Gall v. United States*, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). This standard applies "both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Finally, because defendant failed to raise his procedural objections before the District Court, we review those claims under a "plain error" standard. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

First, defendant argues that his sentence was procedurally unreasonable because the District Court failed to consider adequately certain factors that it must consider under 18 U.S.C. § 3553(a). There is a "strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors." *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006). Adams has presented no evidence to rebut this presumption. Moreover, upon of a review of the record, we conclude that the District Court did, in fact, consider the statutory factors. Indeed, the District Court discussed several of the factors at length at the sentencing proceeding. Accordingly, we conclude that the District Court did not err, much less commit plain error, by failing to consider the factors set forth in 18 U.S.C. § 3553(a).

Next, Adams argues that his sentence was procedurally unreasonable because the District Court

failed to consider the sentencing range calculated under the Guidelines, and it failed to explain why the District Court decided to depart upward from the Guidelines sentence. Each of these arguments fails. First, the District Court did consider the sentencing range, both when it referenced the Guidelines range during sentencing proceedings and when it explicitly adopted the violation of supervised release report containing the Guidelines Range. *See Verkhoglyad*, 516 F.3d at 129 ("[T]he fact that [defendant's] probation violation report specifically informed the district court of the sentencing range . . . supports the presumption that the able district judge considered this range as required by § 3553(a)(4)(B)."). The District Court also explained at length why it imposed a term of incarceration above the suggested sentencing range. Because Adams has not identified any procedural error below, he necessarily fails to satisfy his weighty burden under the "plain error" standard. Accordingly, we conclude that defendant's sentence was not procedurally unreasonable.

Finally, Adams argues that the sentence imposed was substantively unreasonable. Substantive reasonableness is "a concept of flexible meaning, generally lacking precise boundaries." *Verkhoglyad*, 516 F.3d at 134 (quotation marks and citations omitted). Here, the District Court explained at length its reasons for imposing the sentence, all of which are reasonable. Moreover, it was not unreasonable for the District Court to impose a sentence longer than that recommended by the probation officers or the government, because the recommendations of the probation officers or the prosecution do not bind the District Court's discretion in sentencing defendants. *See United States v. Avello-Alvarez*, 430 F.3d 543, 545-46 (2d Cir. 2005). We therefore conclude that the sentence imposed by the District Court was not substantively unreasonable.

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3