09-3366-cr
*U.S. v. Napper*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand and ten.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
                  *Circuit Judges*,
         RICHARD W. GOLDBERG,
                  *Judge*.[*]

---

UNITED STATES OF AMERICA,

             *Appellee*,

     -v.-                                    09-3366-CR

TROY NAPPER, a/k/a TROY MOTE,

             *Defendant-Appellant.*

---

[*] The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

FOR APPELLANT:     GARY D. WEINBERGER, Assistant Federal
                   Defender (Thomas McCudden, *on the brief*)
                   for Thomas G. Dennis, Federal Defender,
                   Hartford, CT.

FOR APPELLEE:     DAVID E. NOVICK, Assistant United States
                   Attorney (William J. Nardini, Assistant
                   United States Attorney, *of counsel*), for
                   David B. Fein, United States Attorney for
                   the District of Connecticut, New Haven,
                   CT.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be **AFFIRMED**.

Appellant Troy Napper appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*), which sentenced Napper principally to 188 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentencing decision under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We examine the sentence for reasonableness, both procedural and substantive. *United States v. Avello-Alvarez*, 430 F.3d 543, 545 (2d Cir. 2005).

To the extent that Napper's argument may be construed to challenge the procedural reasonableness of his sentence, he presents no evidence that the prosecution's decision to file a 21 U.S.C. § 851 notice was based on improper factors. *See United States v. Sanchez*, 517 F.3d 651, 671 (2d Cir. 2008). Nor does he present sufficient evidence that there exists a geographical variance in the volume of filings of § 851 notices such that there is a sentencing disparity between similarly-situated defendants. Napper analogizes the alleged variance in filing of § 851 notices with geographically-limited "fast track" programs authorized in U.S.S.G. § 5K3.1. We have expressly rejected that differences between sentences in jurisdictions with and without a "fast track" program render a sentence unreasonable. *See United States v. Mejia*, 461 F.3d 158, 164 (2d Cir. 2006).

Napper claims that his below-Guidelines sentence was substantively unreasonable because the district court failed to consider adequately the factors detailed in 18 U.S.C. § 3553(a) and thus his sentence was "greater than necessary." Our review of the sentencing hearing belies this position. Though Napper himself would have weighed the factors differently, that does not mean the district court abused

its discretion when it conducted its balancing.

The judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk