10-1170-cr
United States v. Gunn

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
                                   <u>Chief Judge</u>,
             PIERRE N. LEVAL,
             ROBERT A. KATZMANN,
                                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                        10-1170-cr

RODERICK GUNN, also known as Tyrone
Coleman,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:       Richard Palma, Law Office of Richard
                     Palma, New York, New York.


FOR APPELLEE:        John J. O'Donnell, Assistant United
                     States Attorney (Harry A. Chernoff,
                     Assistant United States Attorney, <u>on the</u>

brief), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of conviction in the United States District Court for the Southern District of New York (Pauley, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Roderick Gunn ("Gunn") appeals on multiple grounds his conviction and sentence for (1) conspiring to commit robberies of narcotics dealers, in violation of 18 U.S.C. § 1951; (2) committing a robbery of a narcotics dealer, in violation of 18 U.S.C. §§ 1951, 1952; (3) carrying and brandishing of firearms during and in relation to the crimes of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(2); (4) conspiring to distribute marijuana, in violation of 21 U.S.C. § 846; and (5, 6) two counts of illegal firearms possession, each in violation of 18 U.S.C. § 922(g)(5).  On December 19, 2003, Gunn pleaded guilty to the above-listed counts pursuant to a cooperation agreement; however, after the Government discovered that Gunn had lied during his proffer sessions, Gunn moved (twice) to withdraw his guilty plea.  The district court denied both of Gunn's motions, and on March 17, 2010, the district court sentenced Gunn to an aggregate term of 141 months' imprisonment, followed by a term of five years' supervised release, and imposed a $600 mandatory special assessment.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Because Gunn raises for the first time on appeal his challenge that the Hobbs Act and narcotics conspiracy convictions lack a sufficient factual basis, we review for plain error.  Under plain error review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than

subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (quoting Puckett v. United States, 129 S. Ct. 1423, 1429 (2009)).  To "affect substantial rights," an error must have been prejudicial and affected the outcome of the district court proceedings.  United States v. Olano, 507 U.S. 725, 734 (1993).

In Hobbs Act robbery conspiracy cases, the Government must establish that the defendant agreed with others to "obstruct, delay, or affect interstate commerce, by unlawfully taking property 'by means of actual or threatened force, or violence, or fear of injury.'"  United States v. Santos, 449 F.3d 93, 97 (2d Cir. 2006) (quoting statutory language of 18 U.S.C. § 1951(a)-(b)).  The elements that the Government must establish are the existence of a conspiracy to commit a robbery that would have affected, or did affect, interstate commerce, and the defendant's knowing participation in that conspiracy.  Id.  Where the charged offense is a substantive Hobbs Act robbery, the Government must prove that the defendant committed or attempted to commit a robbery as described above, or aided and abetted others in doing so.

The burden on the Government to establish the nexus to interstate commerce is minimal.  See United States v. Elias, 285 F.3d 183, 188 (2d Cir. 2002).  "[I]f the defendant['s] conduct produces any interference with or effect upon interstate commerce, whether slight, subtle, or even potential, it is sufficient to uphold a prosecution under the Hobbs Act."  United States v. Perrotta, 313 F.3d 33, 36 (2d Cir. 2002) (internal quotation marks omitted).  Gunn argues that the only factual basis for the conviction is that he participated in a robbery of a narcotics dealer in the Bronx.  However, at the plea hearing, Gunn admitted that he conspired with others "to assist them in robbing other individuals of money and property in a fashion or manner which impacted upon interstate commerce as that term has been constructed by the courts."  Gunn's admission is sufficient to establish the de minimis effect on interstate

3

commerce necessary for Hobbs Act jurisdiction.  See, e.g., United States v. Needham, 604 F.3d 673, 680 (2d Cir. 2010) ("[A]ll that need be shown is the possibility or potential of an effect on interstate commerce, not an actual effect." (internal quotation marks omitted)).

The elements of a conspiracy to distribute or possess with intent to distribute narcotics under 21 U.S.C. § 846 are "the existence of [such] a conspiracy and the defendant's willful joining it."  United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989).  In addition, where the indictment charges an aggravated narcotics offense that carries an enhanced penalty based on a particular drug type and quantity pursuant to 21 U.S.C. § 841(b), "drug quantity must be deemed an element."  United States v. Gonzalez, 420 F.3d 111, 129 (2d Cir. 2005).  Gunn contends that the charge did not satisfy an interstate commerce nexus; but there is no requirement that the Government establish an interstate commerce nexus in order to support a conviction for narcotics conspiracy.  In his plea allocution, Gunn admitted that "during the time period of 2002, 2003, I conspired with others to possess and distribute marijuana" and that "[o]n two occasions during 2002 and 2003, I sold 16 pounds of marijuana."  This was more than adequate to support his conviction for conspiracy to distribute marijuana.

**[2]** We review the district court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard.  United States v. Carreto, 583 F.3d 152, 157 (2d Cir. 2009).  A defendant must "show a fair and just reason for requesting the withdrawal" of his guilty plea.  Id. at 157 (internal quotation mark omitted).

Rule 11(d)(2)(B) provides that a "defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  "A defendant has no absolute right to withdraw his plea of guilty."  United States v. Williams, 23 F.3d 629, 634 (2d Cir. 1994).  "In general, to determine whether the defendant has shown a 'fair and just reason' to justify withdrawal, a district court considers, inter alia: (1) whether the defendant has asserted his or her legal innocence in the motion to

4

withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." United States v. Schmidt, 373 F.3d 100, 102-03 (2d Cir. 2004).

Gunn has failed to show that his counsel's assistance was ineffective. See Strickland v. Washington, 466 U.S. 668, 688, 692 (1984) (holding that to establish ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) counsel's representation must fall "below an objective standard of reasonableness . . . under prevailing professional norms," and (2) this deficiency must have prejudiced his defense). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance" and "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 687-89). To establish prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As the district court properly recognized, prior to his guilty plea, Gunn met with the Government for five proffer sessions, and Gunn's attorney was present at each meeting. Moreover, during the Rule 11 colloquy, the district court established that Gunn had "a full opportunity to discuss [his] case [with his counsel] and to discuss the consequences of entering a plea of guilty," and that Gunn was satisfied with his counsel's representation. With these statements, Gunn cannot overcome the heavy burden that his plea was involuntary, nor can he demonstrate to this Court that the district court abused its discretion in denying Gunn's motion.

[3] We review a district court's sentencing decision for reasonableness. See United States v. Booker, 543 U.S. 220, 260-62 (2005). Reasonableness has both procedural and

5

substantive dimensions.  See United States v. Avello-Alvarez, 430 F.3d 543, 545 (2d Cir. 2005) (citing United States v. Crosby, 397 F.3d 103, 114-15 (2d Cir. 2005)).  See generally United States v. Cavera, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc), cert. denied, 129 S. Ct. 2735 (2009) (citations omitted).

Gunn argues that the sentence is procedurally and substantively erroneous because the court refused to credit Gunn for his cooperation with the Government.  However, the district court considered Gunn's request for leniency; both parties submitted written memoranda on this subject; and it was discussed at oral argument on two separate days. Although the district court recognized that Gunn had provided useful information to the Government, it was "deeply troubled" that Gunn had withheld his commission of some of his most serious past crimes, especially Gunn's involvement in a felony murder, additional robberies, and cocaine distribution.  The district court correctly considered the need for Gunn's sentence to "afford adequate deterrence" to criminal conduct.  18 U.S.C. § 3553(a)(2)(B). Thus, the district court properly concluded that Gunn's untruthfulness outweighed his failed efforts at cooperation. Accordingly, the sentence imposed (which was at the low end of the Guideline range) was substantively reasonable under this Court's jurisprudence.

We have considered Gunn's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of conviction is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK