*United States v. Trapp Diaz*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand seventeen.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                     No. 16-2926

JOHN MATTHEW TRAPP DIAZ,

*Defendant-Appellant.*

———————————————————————

| | |
|---|---|
| FOR APPELLANT: | Darrell Fields, Federal Defenders of New York, Inc., New York, NY. |
| FOR APPELLEE: | Andrew C. Gilman, Emily Berger, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 17, 2016 judgment of the District Court is **AFFIRMED**.

Defendant-Appellant John Matthew Trapp Diaz appeals the District Court's imposition of a sentence of 36 months' imprisonment following his guilty plea to one count of being found in the United States after being deported for a conviction constituting an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Trapp Diaz argues that his sentence was procedurally unreasonable, because (he asserts) the District Court misstated what the applicable Guidelines range would be under the proposed (but not yet enacted) 2016 Guidelines amendments. He also contends that his sentence is substantively unreasonable, because the District Court imposed a sentence above the Guidelines range of 18 to 24 months that was calculated in the PSR. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review a sentence for procedural and substantive unreasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (internal quotation marks and emphasis omitted). Where, as here, a defendant fails to object before the district court to an alleged procedural sentencing error, we review only for plain error.[1] *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). Upon completion

---

[1] Trapp Diaz did "not object to the probation defendant's [G]uideline[s] calculation" using the 2015 Guidelines, rather than the proposed 2016 amendment, either in his pre-sentencing submission or during his sentencing hearing. App'x 38; *see also id.* at 70. Furthermore, after the

2

of the procedural review, if we find no error, "we then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence cannot be located within the range of permissible decisions." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks omitted).

Trapp Diaz first argues that the District Court committed procedural error in calculating his sentence because, during the sentencing proceedings, the court stated that it "would probably wind up where we are right now with [the] same guideline range" under either the then-current version of the Guidelines or the proposed 2016 amendments. App'x 87. On July 11, 2016, in advance of his sentencing on August 9, 2016, Trapp Diaz submitted the proposed amendment to U.S.S.G. § 2L1.2, which would have decreased the applicable base offense level and would have resulted in a sentencing range of 10 to 16 months, and urged the court to consider the proposed amendment during sentencing. (The amendment became effective on November 1, 2016.) The court declined to consider it, saying, "Given that it's not been commented on yet by Congress and Congress still has until November to comment on it, I don't think it's appropriate." *Id.* The court went on to note that, in any event, the Guidelines ranges would "probably" be "with[in the] same . . . range." *Id.*

Trapp Diaz acknowledges that the District Court affirmatively stated it was not relying on the proposed amendment in reaching its sentencing decision. He contends, however, that the District Court erred in its understanding that the ranges would be the "same," and argues that this "error was not harmless since [the court] did not state that it would have imposed the same above-range sentence regardless of the range under the 2016 version of § 2L2.1." Appellant's Br. 25. We disagree. The court made explicit its view that it would not be "appropriate" to consider the amendment, and then imposed the above-Guidelines sentence, detailing the reasons for doing so, as discussed below. Under the circumstances presented, we are confident that, even if it was incorrect to refer to the two Guidelines ranges as "probably"

District Court committed the purported procedural error that Trapp Diaz now challenges—when the District Court stated that the Guidelines range under the 2016 amendment would "probably" be the same—he did not object at all. *Id.* at 96.

3

equivalent, any error was harmless. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (noting that any procedural error in sentencing is harmless if the district court states that it would have imposed the same sentence regardless).

Trapp Diaz additionally contends that the District Court's decision to impose a 36-month sentence, above the PSR's proposed Guidelines range of 18 to 24 months, was substantively unreasonable because the prior convictions upon which the District Court relied in assessing his criminal history were largely for misdemeanor offenses and most were for conduct that had taken place decades earlier. When imposing Trapp Diaz's sentence, the court discussed his extensive history of criminal behavior, domestic violence, and repeated reentries and deportations. The court found that the sentence of 36 months was no greater than necessary to achieve the goals of sentencing. To the extent that Trapp Diaz contends that his sentence is substantively unreasonable because the District Court imposed an upward variance "*sua sponte*"—that is, in the absence of any recommendation to do so by probation or the government—his argument provides an insufficient basis on which to disturb his sentence. Appellant Br. 26, 28-29. We have rejected arguments sounding in substantive unreasonableness that, like Trapp Diaz's, merely point to sentences above a probation or government recommendation to support their position. *See, e.g., United Stares v. Adams,* 378 F. App'x 55, 57 (2d Cir. 2010) ("[l]t was not unreasonable for the District Court to impose a sentence longer than that recommended by the probation officers or the government . . . ."). We do so here as well.

Having reviewed the District Court's imposition of sentence for an abuse of discretion, we find no such abuse. *See Gall*, 552 U.S. at 41.

* * *

We have considered Trapp Diaz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4