21-1262
*United States v. Bacon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUM-
MARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FED-
ERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN
CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE
EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the
14th day of April, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                        21-1262

JEFFREY BACON,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | NEERAJ N. PATEL (Marc H. Silverman, *on the brief*) *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, CT. |
| For Defendant-Appellant: | DANIEL M. ERWIN *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jeffrey Bacon ("Bacon") appeals from a May 13, 2021 judgment principally sentencing him to 84 months' imprisonment after he pleaded guilty to one count of soliciting and attempting to solicit child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B)(ii), (b)(1). Bacon contacted a 15-year-old girl in an online chat group called "Connecticut Teens" and sent her sexually explicit messages and media. The girl's mother notified law enforcement. A police officer began communicating with Bacon in an undercover capacity, posing as the underage girl. Among other sexually explicit messages, Bacon implored the underage girl to send him sexually explicit photographs and suggested that he could pick her up from high school and take her to a motel where they could engage in oral sex. Law enforcement subsequently recovered images of child pornography on Bacon's electronic devices, including images of adults engaged in sexual intercourse and oral sex with prepubescent girls. At sentencing, and consistent with the Presentence Report, the district court calculated a Guidelines range of 108 to 135 months of imprisonment before pronouncing the below-Guidelines sentence of 84 months.

Bacon challenges both the procedural and substantive reasonableness of his sentence, principally contending that the district court engaged in improper factfinding at sentencing. "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Bleau*, 930 F.3d 35, 38 (2d Cir. 2019).[1] "A sentence is

---

[1] Unless otherwise indicated, we omit all internal citations, quotation marks, alterations, emphases, and footnotes from citations.

procedurally unreasonable if," among other reasons, "the district court … selects a sentence based on clearly erroneous facts[] or fails adequately to explain the chosen sentence." *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018). Substantive reasonableness "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015). In reviewing a sentence's substantive reasonableness, we review "the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions." *Id.* "Generally, if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 246–47 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

## I. Bacon's Childhood Sexual Abuse

Bacon first challenges his sentence as both procedurally and substantively unreasonable because, according to Bacon, the district court either made an unsupported factual finding that he was "lying about his [childhood] experience with sexual assault" or improperly treated this experience as an aggravating, not mitigating, factor. Appellant's Br. 11. We disagree. At the start, even assuming *arguendo* that Bacon preserved this argument, the district court did not make a factual finding that Bacon's account of childhood sexual abuse was untruthful, nor did the credibility of Bacon's statement factor into its sentencing decision. The district court instead concluded that Bacon had not shown a "nexus or connection between his childhood experiences and his adult conduct decades and decades later." Joint App'x 106. This was not an abuse of

3

discretion. And given its conclusion that Bacon had failed to show a "connection" between his childhood experience and the offense conduct, the district court did not err in declining to afford substantial mitigating weight to that experience. Moreover, because the district court did not base its sentencing decision on whether Bacon had been sexually abused as a child, it did not err in failing to hold a *Fatico* hearing. *See United States v. Lohan*, 945 F.2d 1214, 1216 (2d Cir. 1991) (explaining that "[a] '*Fatico*' hearing is a sentencing hearing at which the prosecution and the defense may introduce evidence" on disputed issues of fact relating to the appropriate sentence (citing *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979)). Bacon's additional arguments that the district court treated his childhood experiences as an aggravating factor or otherwise burdened his right to allocution are similarly unsupported by the record.

## II. Bacon's Prior Conviction for Public Indecency

Bacon next contends that the district court again engaged in impermissible factfinding, rendering his sentence procedurally and substantively unreasonable, by going "beyond the record to conclude that Mr. Bacon's prior misdemeanor offense involved or had a nexus to child[ren]." Appellant's Br. 7. We disagree. Again, even assuming *arguendo* that Bacon preserved this objection, the district court did not err in its evaluation of Bacon's misdemeanor offense.

Bacon does not dispute that he was previously arrested and pleaded guilty to public indecency for masturbating at a campground. *See, e.g.*, Joint App'x 93. Addressing this prior offense at sentencing, the district court observed that children are often present at campgrounds. *See id.* at 89–90. Defense counsel agreed. *See id.* at 93 ("I assume all campgrounds are family campgrounds. I'm not going to dispute that."). The district court noted that Bacon had also been charged with risk of injury to a child in connection with this conduct and observed that there "must have been a probable cause finding" associated with that charge. *Id.* at 97. Defense

4

counsel countered that because the prosecutor had voluntarily dismissed that charge, the state court did not necessarily make a probable cause finding as to that specific charge. *Id.* at 97–98. The district court agreed with defense counsel's argument. *Id.* at 98. Later in the sentencing, the district court expressed concern that Bacon's conduct was "[e]scalating from simply exposing himself to attempting to entice others to gratify him sexually after exposing himself." *Id.* at 105.

Upon a careful review of the record, we discern no abuse of discretion in the district court's assessment of Bacon's prior conviction. The district court suggested that by publicly exposing himself at a campground, Bacon may have risked exposing himself to children because families with children often stay at campgrounds. That common-sense inference was not an abuse of discretion. *See United States v. Rogers*, 972 F.2d 489, 495 (2d Cir. 1992) (noting "the traditional role of a district judge in bringing … common sense to the sentencing process"); *United States v. Cavera*, 550 F.3d 180, 205 (2d Cir. 2008) (en banc) (Raggi, *J.*, concurring) ("[W]hen the issue to be resolved is factual, the law expects the factfinder—whether judge or jury—to draw on common sense and experience in making any determination."). The district court did not suggest that Bacon was *targeting* children by exposing himself at a campground and, after discussion with counsel, agreed that as to this conduct, the record did not provide a basis for concluding that a judicial officer had found probable cause that Bacon had committed the offense of risk of injury to a child.

The district court thus did not, as Bacon now argues, make a factual finding that his prior offense involved children. The district court's primary concern about Bacon's prior conviction was that his behavior was "escalating" from "simply exposing himself to attempting to entice others to gratify him sexually." Joint App'x 105. We discern no error in the district court's consideration of Bacon's prior conviction.

5

## III.     Substantive Reasonableness of 84-Month Sentence

Finally, Bacon suggests that his 84-month sentence is substantively unreasonable because the district court imposed a sentence four months above the maximum the government recommended.   As Bacon acknowledges, however, an 84-month sentence was substantially below his 108 to 135 month Sentencing Guidelines range.   *Cf. United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) ("It is … difficult to find that a below-Guidelines sentence is [substantively] unreasonable.").   In any event, it is "not unreasonable for the District Court to impose a sentence longer than that recommended by the probation officers or the government, because the recommendations of the probation officers or the prosecution do not bind the District Court's discretion in sentencing defendants."   *United States v. Adams*, 378 F. App'x 55, 57 (2d Cir. 2010) (citing *United States v. Avello-Alvarez*, 430 F.3d 543, 545–46 (2d Cir. 2005)).   The district court did not abuse its discretion in weighing the § 3553(a) factors, *see* Joint App'x 103–05, so we decline to "second guess," *Pope*, 554 F.3d at 247, the district court's considered judgment that an 84-month sentence was appropriate in this case.

*          *          *

We have considered Bacon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6