23-6729-cr
*United States v. Nikoghosyan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
RICHARD C. WESLEY,
JOSEPH F. BIANCO,
BETH ROBINSON,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                  23-6729-cr

ROMAN NIKOGHOSYAN, AKA ROMA,

*Defendant-Appellant*.

_____

FOR APPELLEE:                        Saritha Komatireddy and Stephen H. Petraeus, Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:        Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, New Jersey.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 30, 2023, is **AFFIRMED**.

Defendant-Appellant Roman Nikoghosyan appeals from the district court's judgment of conviction following his guilty plea, pursuant to a plea agreement. Nikoghosyan pled guilty to two counts of conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a), and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The extortion conspiracy involved Nikoghosyan's membership in the KavKaz gang in Brooklyn, New York, which raised money for its members through criminal activity, including drug trafficking, robbery, and extortion. As part of this conspiracy, in 2021, Nikoghosyan threatened two men on multiple occasions, personally and through other co-conspirators acting at his direction, demanding that the men either pay Nikoghosyan certain sums of money or participate in his drug-dealing enterprises. In these interactions with the victims, Nikoghosyan made clear that a failure to comply with his demands would result in physical harm and, in one instance, he threatened to stab one of the victims or break his legs. As to the firearm charge, during a 2021 search of a Brooklyn residence used by Nikoghosyan, law enforcement agents found a Hi-Point 995 rifle hidden under the bed in a locked room rented exclusively by Nikoghosyan, along with more than 40 rounds of ammunition and unspecified narcotics in the residence. Nikoghosyan was prohibited from possessing that firearm because he had previously been convicted of a felony, namely, attempted robbery in the second degree, in Kings County Supreme Court. Following his guilty plea, the district court sentenced Nikoghosyan principally to a term of 96 months' imprisonment, to be followed by a three-year

2

term of supervised release. Nikoghosyan's sole challenge on appeal is to the substantive reasonableness of the 96-month sentence, which was at the high end of his advisory range of 77 to 96 months' imprisonment under the United States Sentencing Guidelines (the "Guidelines"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a challenge to the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). Under this "particularly deferential" standard, "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and citation omitted). In addition, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [Section] 3553(a) considerations in any particular case but will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam) (emphasis in original) (internal quotation marks and citation omitted). We have further noted that, in "the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (internal quotation marks and citation omitted).

Here, we discern no abuse of discretion in the district court's imposition of the 96-month sentence after its consideration of the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the district court heavily relied on the serious nature and circumstances of the offense,

as well as Nikoghosyan's prior criminal record. *See* 18 U.S.C. § 3553(a)(1)–(2)(A). For example, the district court emphasized that Nikoghosyan's participation in the extortion scheme resulted in the victims being "put in fear of their life so that [he] could get money from them." App'x at 90. The district court further noted that Nikoghosyan was not only "willing to use violence . . . personally" but also participated in "gang activity" and "used others to help [him] in this activity." *Id*. at 90–91. In addition, the district court considered that Nikoghosyan was involved in other uncharged criminal activity with the gang, including drug dealing, that was not included in the Guidelines calculation. Moreover, with respect to Nikoghosyan's history and characteristics, the district court underscored Nikoghosyan's criminal record, including several prior parole violations of the conditions. After analyzing the district court's reasoning, we conclude that the Section 3553(a) factors upon which the district court relied "can bear the weight assigned [them] under the totality of circumstances in the case," *Cavera*, 550 F.3d at 191, and the 96-month sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Muzio*, 966 F.3d at 64 (internal quotation marks and citation omitted).

Nikoghosyan argues that the district court "unreasonably minimized [his] substance abuse disorder, the fact that he admitted his guilt and the relevant facts related to his sentencing (rather than seeking a *Fatico* hearing), his strong family and community support, and his sincere contrition," Appellant's Br. at 27, as well as the harsh prison conditions he experienced, particularly during the COVID-19 pandemic, *id*. at 32. However, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge," *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted), and where, as here, "the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second

4

guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor," *United States v. Guldi*, 141 F.4th 435, 450 (2d Cir. 2025) (internal quotation marks and citation omitted).

We are similarly unpersuaded by Nikoghosyan's argument that his 96-month sentence was substantively unreasonable because it was greater than the 77-month sentence recommended by the United States Probation Office and the 86-month sentence recommended by the government. Those recommendations are not binding on the district court, and thus, the failure to follow such recommendations does not render a sentence unreasonable when it is otherwise supported under the Section 3553(a) factors. *See United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015); *United States v. Avello-Alvarez*, 430 F.3d 543, 545–46 (2d Cir. 2005).

Finally, Nikoghosyan suggests that his sentence was disproportionate to those imposed on similarly situated defendants because, in extortion cases, "judges in the Eastern District of New York—indeed, federal district judges throughout the country—typically impose sentences well below the sentence imposed on [him]."[1]  Appellant's Br. at 34.  As an initial matter, the "Extortion/Racketeering" category of data Nikoghosyan refers to is broad and encompasses a wide array of offenses with varying degrees of severity, including those with significantly lower offense levels than the one applicable to Hobbs Act extortion conspiracy.[2]  *See, e.g.*, U.S.S.G. § 2B3.3.

---

[1]  Nikoghosyan cites to the United States Sentencing Commission's Statistical Information Packet for the year 2023.  Among other information, this report contains data on average sentence lengths for crimes, including an "Extortion/Racketeering" category, in the Eastern District of New York.  *See* United States Sentencing Commission, Statistical Information Packet: Fiscal Year 2023, Eastern District of New York, at 11, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2023/nye23.pdf [https://perma.cc/9LAX-L2P2].

[2]  According to the United States Sentencing Commission Quarterly Data Report, "Extortion/Racketeering" includes Hobbs Act extortion, extortion by force, or threat of injury or serious damage, extortionate extension of credit, blackmail, travel in aid of racketeering, unlawful conduct relating to contraband cigarettes, and labor racketeering, among other offenses.  *See* United States Sentencing Commission,

Furthermore, Nikoghosyan also was convicted of possessing a firearm after having been convicted of a felony, which is dissimilar from a typical extortion case. In addition, the sentencing data on which Nikoghosyan relies also fails to account for individualized factors—such as his criminal history, violation of parole, and other uncharged criminal activities—that formed part of the justification for the sentence in this case. *See United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) ("Averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity because they do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases." (alteration adopted) (internal quotation marks and citation omitted)). Thus, we discern no abuse of discretion in imposing the 96-month sentence based on any purported statistical disparity as compared to other sentences for extortion.

In sum, we conclude that the sentence was substantively reasonable.

\*　　　　\*　　　　\*

We have considered Nikoghosyan's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

Quarterly Data Report: 2nd Quarter Release Preliminary Fiscal Year 2023 Data Through March 31, 2023, at A-6, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/quarterly-sentencing-updates/USSC_Quarter_Report_2nd_FY23.pdf [https://perma.cc/V74D-CB5D].