UNITED STATES of America,
Appellee,

v.

William H. HAYES, Defendant–
Appellant.

No. 05–2321–CR.

United States Court of Appeals,
Second Circuit.

Argued: April 10, 2006.

Decided: April 18, 2006.

Mark D. Hosken, Assistant Federal Defender (Jay S. Ovsiovitch, of counsel), for Defendant–Appellant.

James P. Kennedy, Jr., Assistant United States Attorney, for Kathleen M. Mehltretter, United States Attorney for the Western District of New York, for Appellee.

Before: WINTER, CALABRESI, and POOLER, Circuit Judges.

CALABRESI, Circuit Judge.

Defendant–Appellant William H. Hayes pleaded guilty in January 2005 to one count of knowingly transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A. Hayes admitted to engaging in multiple online chat sessions with an undercover agent who was posing as a 14–year–old girl. During many of these sessions, Hayes sent to the agent graphic images depicting child pornography. The district court imposed a sentence of, *inter alia*, 151 months' imprisonment and a lifetime term of supervised release. The court also recommended that Hayes be permitted to participate in a sex offender treatment program while in prison. Hayes challenges only the length of the supervised-release term of his sentence.[1]

---

1. Under the terms of Hayes's plea agreement, he waived the right to appeal any imprisonment range, fine, or supervised-release term that fell within the applicable Sentencing Guidelines range or was less than that range. As we discuss *infra*, it is more than arguable that lifetime supervised release falls within the Guidelines range. Nonetheless, because the government does not argue that Hayes has waived his right to appeal this aspect of his sentence, we deem any objection abandoned. *See, e.g., State St. Bank & Trust Co. v.*

Hayes argues that a lifetime term of supervised release is unreasonable because it is longer than necessary to comply with the sentencing purposes enumerated at 18 U.S.C. § 3553(a) and applicable to supervised release. *See* 18 U.S.C. § 3583(c) (listing the § 3553(a) factors to be considered in determining the length of a term of supervised release). Hayes, who will be nearly 68 years old at the time of his release from prison, contends that a sentence of lifetime supervised release does not adequately consider empirical data that suggests an inverse relationship between age and recidivism. He also argues that the district court did not take into account the fact that sex offender treatment was recommended during his imprisonment and is one of the special conditions of his supervised release.

The district court's imposition of lifetime supervised release was not unreasonable and, in fact, is expressly recommended under the Sentencing Guidelines. The upper bound of the supervised-release Guidelines range for a conviction under 18 U.S.C. § 2252A is life. *See* U.S. Sentencing Guidelines Manual §§ 5D1.2(b)(2), 5D1.2 application n. 1; *see also* 18 U.S.C. § 3583(k) (setting life as the statutory maximum term of supervised release for certain sex offenses involving minors). A Guidelines policy statement adds that "[i]f the instant offense of conviction is a sex offense, ... the statutory maximum term of supervised release is recommended." *Id.* § 5D1.2(b)(2) policy statement.

The fact that the Sentencing Guidelines recommend a lifetime term of supervised release does not, of course, suffice to make Hayes's sentence reasonable. *See United States v. Crosby,* 397 F.3d 103, 115 (2d Cir.2005) ("[W]e decline to fashion any *per se* rules as to the reasonableness of every sentence within an applicable guideline or the unreasonableness of every sentence

outside an applicable guideline."). In fashioning a sentence a district judge is statutorily obliged to consider the relevant § 3553(a) factors, which include, in addition to the Guidelines recommendation and "any pertinent policy statement," *inter alia,* the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence. *See Crosby,* 397 F.3d at 115; 18 U.S.C. §§ 3583(c), 3553(a)(1), 3553(a)(2), 3553(a)(5), 3553(a)(6).

In Hayes's case, the district court weighed, on the record, the statistical evidence Hayes proffered against congressional findings presented by the government linking sex offenders to recidivism and specifically rebutting the notion that this link weakens with age. *See* H.R.Rep. No. 107–527, at 2 (2002) (noting that "studies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes" and that "recidivism rates do not appreciably decline as offenders age"). The court found particularly significant the fact that Hayes had been convicted in state court of sexually abusing a 12–year–old girl more than a year after the events at issue in this case. Much of the government's evidence points specifically to the correlation between child pornography and molestation of children. The fact that Hayes had already crossed this line—and, therefore, already *was* a recidivist—weakens substantially his argument that the recommended Guidelines term of supervised release was unreasonable in his case. We find that it was not.

The judgment and sentence of the district court are therefore AFFIRMED.