07-3188-cr
USA v. Brown

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
> WILFRED FEINBERG,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> T. S. ELLIS, III,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                     No. 07-3188-cr

JOSEPH P. BROWN,

> *Defendant-Appellant*,

---

[*] The Honorable T. S. Ellis, III, United States District Judge for the Eastern District of Virginia, sitting by designation.

For Defendant-Appellant:          LAURIE S. HERSHEY, Manhasset, NY

For Appellee:          GEOFFREY BROWN, Assistant United States Attorney (Thomas Spina, Jr., Assistant United States Attorney, *of counsel*), *for* Andrew T. Baxter, United States Attorney, Northern District of New York, Syracuse, NY

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the case is **REMANDED** for the limited purpose specified herein, and the sentence of the district court is **AFFIRMED** in all other respects.

Defendant-Appellant Joseph P. Brown appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), entered July 18, 2007, convicting him, following a plea of guilty, of possession of child pornography, and sentencing him to 60 months' imprisonment as well as a lifetime term of supervised release. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Brown objects to special condition number six of his lifetime term of supervised release, which would require him to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics and directs the probation officer to confirm [his] compliance with this notification requirement." He argues that the condition is unconstitutionally vague and otherwise violates his constitutional rights. We need not consider these issues, however, because the government concedes that special condition number six was imposed in error and is superfluous in light of standard condition number 13, which requires

2

Brown, "as directed by the probation officer, . . . [to] notify third parties of risks that may be occasioned by [his] criminal record or personal history characteristics . . . ." (Brown makes no objection to standard condition number 13.) The government has requested a remand for the limited purpose of allowing the district court to strike special condition number six of Brown's supervised release. We agree that a limited remand for this purpose is appropriate.

In addition, Brown advances several grounds on which, he argues, his guilty plea was invalid. Because no objection on any of these points was raised below, the standard of review is plain error. *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). First, Brown argues that his plea was not knowing and voluntary because he was not properly informed of the possibility that he would receive a lifetime term of supervised release. Brown's plea agreement, however, specifically states that "the sentencing Court may require the Defendant to serve a term of supervised release of up to any term of years or life." In addition, at Brown's plea colloquy the district court advised him of the possibility of a lifetime term of supervised release. Moreover, at the colloquy, Brown confirmed both that he had read and understood his plea agreement and that he wished to plead guilty having been informed of the potential statutory sentence. In sum, the record explicitly contradicts this argument.

Next, Brown argues that he was not competent to enter his plea because he was severely depressed at the time. However, at the plea colloquy Brown informed the district court that he was being treated for depression and anxiety, discussed the medication he was taking for those conditions, and confirmed both that his medication did not affect his ability to understand the proceedings and that he understood the charges against him and the consequences of pleading guilty. The record does not provide any basis for concluding that Brown, in fact, did not possess

3

the requisite understanding, and accordingly we see no error in the district court's determination, that he was competent to enter a valid guilty plea. *See id.* at 103-04 (finding no error where defendant claimed not to have been competent to enter a guilty plea but the defendant had not indicated at the plea colloquy that he had any difficulty understanding the proceedings and had responded coherently to all questions asked of him).

Finally, Brown argues that the sentence imposed by the district court was unreasonable and that the district court failed to properly consider certain mitigating factors. In his plea agreement, Brown waived his right to challenge any sentence of imprisonment of 87 months or less. Given our finding that his plea was knowing and voluntary, absent a valid constitutional claim — and Brown raises no constitutional argument — he may not challenge his sentence of imprisonment. *See United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam).

Because Brown's appeal waiver makes no specific mention of the term of supervised release that may be imposed, on the other hand, he has not waived his right to challenge his lifetime term of supervised release. *See United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002). Brown does not allege any procedural error; accordingly, we review the district court's sentence for abuse of discretion. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). In light of the specific circumstances of Brown's offense, the fact that the Sentencing Guidelines recommend a lifetime of supervised release, U.S. Sentencing Guidelines Manual § 5D1.2(b), and the fact that Congress has found that the high rate of recidivism of sex offenders does not decline with age, *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006) (citing H.R. Rep. No. 107-527, at 2 (2002)), we do not find that the district court abused its discretion in sentencing Brown to a lifetime term of supervised release.

4

We have considered Brown's additional arguments and find them to be without merit.

For the foregoing reasons, we **REMAND** the case and direct the district court to strike special condition number six of Brown's term of supervised release. The sentence of the district court is **AFFIRMED** in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

5