NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010
Decided May 13, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3310

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 08–cr-10077-001 |
| DUSTIN T. McCLASKEY, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Dustin McClaskey pleaded guilty to one count each of possessing and producing child pornography, 18 U.S.C. §§ 2252A(a)(5)(B), 2251(a), and to a forfeiture count stemming from those offenses, *id.* § 2253(a), (b). The district court imposed concurrent sentences of 120 months' imprisonment on the possession charge (the statutory maximum), *id.* § 2252A(b)(2), and 180 months' imprisonment on the production charge (the mandatory minimum), *id.* § 2251(e), followed by a lifelong term of supervised release. McClaskey appeals, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). McClaskey did not respond to our invitation to comment on counsel's submission, *see* CIR. R. 51(b). Considering only the issue presented in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant the motion to withdraw and dismiss the appeal.

McClaskey does not want his guilty plea vacated, so counsel appropriately refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Instead, the sole issue identified by counsel is whether McClaskey could challenge his prison or supervised-release terms on grounds of reasonableness. Counsel concludes that any argument along these lines would be frivolous, and we agree. McClaskey's 180-month prison term was the minimum sentence allowed under § 2251(e), and absent a government motion to reduce the sentence based on substantial assistance, *see* 18 U.S.C. § 3553(e), the district court lacked authority to impose a lower term of imprisonment. Regarding the period of supervised release, the statute authorizes a lifetime of supervision for child pornography offenses, *id.* § 3583(k), and the policy statement accompanying the relevant guidelines provision recommends that the maximum term be imposed in such cases, *see* U.S.S.G. § 5D1.2(b)(2) (policy statement); *United States v. Allison*, 447 F.3d 402, 405 (5th Cir. 2006); *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006). Moreover, the district court adequately considered not only this policy statement, but also the other factors required by § 3583(c) and § 3553(a), including McClaskey's relation to the victims, *see* § 3553(a)(1). Because the district court properly applied the guidelines and § 3553(a) in determining the duration of McClaskey's supervised release, we would presume that determination to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007). And since counsel gives us no reason to rebut that presumption, any challenge to McClaskey's sentence would be frivolous.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.