10-4978-cr
United States v. Denis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
          JOSÉ A. CABRANES,
          DEBRA ANN LIVINGSTON,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
          Appellee,

          -v.-                                    10-4978-cr

Timothy Denis,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Lisa Peebles, Federal Public
                            Defender, Syracuse, New York
                            (James P. Egan, Federal Public
                            Defender, Syracuse, NY, on the
                            brief)

FOR APPELLEE:               Lisa M. Fletcher and Rajit S.
                            Dosanjh, Assistant United States
                            Attorneys, Of Counsel, Syracuse,

1

NY; for Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, NY)

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Defendant-Appellant, Timothy T. Denis, pleaded guilty to production of child pornography.  He was sentenced to 262 months in prison, a lifetime term of supervision, and a special assessment of $100.  Denis appeals the length of his term of supervision.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Government argues that Denis has waived his right to challenge the reasonableness of his term of supervised release because he failed to object to it at the sentencing proceeding.  We have not yet decided whether an unpreserved challenge to the substantive reasonableness of a sentence constitutes a waiver of appellate review.  See United States v. Verkhoglyad, 516 F.3d 122, 134 (2d Cir. 2008).  We need

not decide that question on this appeal, however, because even under our ordinary standard of review, Denis cannot demonstrate that the District Court abused its discretion in imposing a life term of supervision. See Gall v. United States, 552 U.S. 38, 41 (2007) (holding that appellate courts must review sentences for reasonableness under the "deferential abuse-of-discretion standard"); accord United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Denis raises a substantive challenge to his supervision, meaning that he must show that his sentence falls outside the "broad range" of sentences "that can be considered reasonable under the totality of the circumstances" and in light of "due deference [afforded] to the district court's exercise of judgment." United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008); accord id. ("In short, in determining substantive reasonableness, a reviewing court will set aside only those outlier sentences that reflect actual abuse of a district court's considerable sentencing discretion."). Denis cannot sustain this burden, given (1) the particular circumstances of his offense; (2) the Sentencing Commission's recommendation of a maximum term of supervision for sex offenders, U.S. SENTENCING GUIDELINES MANUAL § 5D1.2(b)(2) (Policy Statement); (3) the statutory authority to impose lifetime terms of supervision for child

3

sex offenders in light of congressional findings that such supervision is often necessary, 18 U.S.C. § 3583(k); H.R. REP. NO. 108-66, at 49-50 (2003) (Conf. Rep.), reprinted in 2003 U.S.C.C.A.N. 684; (4) this Court's authority upholding such a term of supervision, see United States v. Hayes, 445 F.3d 536, 537 (2d Cir. 2006); and (5) the imposition of a below-Guidelines term of incarceration in partial reliance on lifetime supervision as a safeguard against recidivism.

We have considered all of Denis's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk