10-4255-cr
United States v. Shane

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

PRESENT: DENNIS JACOBS,
                **Chief Judge**,
    PIERRE N. LEVAL,
    DEBRA ANN LIVINGSTON,
                **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X

United States of America,
    **Appellee**,

    -v.-                               **10-4255-cr**

David A. Shane,
    **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           Lisa Peebles, Federal Public Defender, Syracuse, New York (James P. Egan and James F. Greenwald, Federal Public Defender, Syracuse, NY, on the brief)

FOR APPELLEE:           Julie S. Pfluger and Lisa M. Fletcher, Assistant United

1

States Attorneys, Of Counsel, Syracuse, NY; for Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, NY)

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Defendant-Appellant, David A. Shane, pleaded guilty to production and possession of child pornography. On the production count, he was sentenced to 188 months in prison and three years of supervised release. On the possession count, he was sentenced to 120 months in prison and a lifetime term of supervision. The sentences will run concurrently. He was also assessed a special assessment of $200. Shane challenges these sentences as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Shane cannot demonstrate that the District Court abused its discretion in imposing a sentence of 188 months in prison and a life term of supervision. See Gall v. United

2

*States*, 552 U.S. 38, 41 (2007) (holding that appellate courts must review sentences for reasonableness under the "deferential abuse-of-discretion standard"); *accord United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). A substantive challenge requires the defendant to show that the sentence falls outside the "broad range" of sentences "that can be considered reasonable under the totality of the circumstances" and in light of "due deference [afforded] to the district court's exercise of judgment." *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008); *accord id.* ("In short, in determining substantive reasonableness, a reviewing court will set aside only those outlier sentences that reflect actual abuse of a district court's considerable sentencing discretion.").

Shane cannot sustain this burden, given (1) the particulars of his offenses; (2) the District Court's due consideration of Shane's personal circumstances in concluding that the sentence imposed was nevertheless warranted; (3) the sentence was within the applicable Sentencing Guidelines range, *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (recognizing that sentences within the guidelines range are substantively reasonable the "overwhelming majority of" the time); (4) the Sentencing Commission's recommendation of a maximum term of supervision

3

for sex offenders, U.S. SENTENCING GUIDELINES MANUAL § 5D1.2(b)(2) (Policy Statement); (5) the statutory authority to impose lifetime terms of supervision for child sex offenders in light of congressional findings that such supervision is sometimes necessary, 18 U.S.C. § 3583(k); H.R. REP. NO. 108-66, at 42 (2003) (Conf. Rep.), reprinted in 2003 U.S.C.C.A.N. 683, 684; and (6) this Court's authority upholding such a term of supervision, see United States v. Hayes, 445 F.3d 536, 537 (2d Cir. 2006).

We have considered all of Shane's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4