13-1699-cr
United States v. Sausville

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand fourteen.

PRESENT:  CHESTER J. STRAUB,
                    ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                              No. 13-1699-cr

KYLE SAUSVILLE,

*Defendant-Appellant.*

------------------------------------------------------------------

1

FOR APPELLANT:     Barclay T. Johnson, Research & Writing Attorney, *for* Michael L. Desautels, Federal Public Defender, Office of the Federal Public Defender, District of Vermont, Burlington, VT.

FOR APPELLEE:     Barbara A. Masterson and Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kyle Sausville appeals from the District Court's judgment of conviction entered April 18, 2013, sentencing him to 90 months' imprisonment and a lifetime term of supervised release. On appeal, Sausville argues that the imposition of a lifetime term of supervised release is procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review sentences for procedural and substantive reasonableness. United States v. Villafuerte, 502 F.3d 204, 206 (2d Cir. 2007). Procedural error occurs where a district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012). A district court's substantive determination is unreasonable only where, "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's

exercise of discretion, and bearing in mind the institutional advantages of district courts," United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc), the court's decision is one of the "exceptional cases" that "cannot be located within the range of permissible decisions," id. at 189 (quotation marks omitted).

### 1. Procedural Reasonableness

Sausville contends that the District Court committed procedural error in imposing a lifetime term of supervised release by failing to (1) explain adequately the reasons for a lifetime term, (2) consider the § 3553(a) factors, and (3) consider a more limited term.[1] We disagree.

The District Court provided an adequate explanation for imposing a lifetime term of supervised release based on the § 3553(a) factors. In addition to the risk Sausville poses to the public, the court highlighted the size and violent content of his child pornography collection, his Facebook messages demonstrating "a complete disregard for the safety and well-being of children" and "a desire to commit the crime just as soon as [he] can," and the need to send a "message" to the community. Joint App'x 94-95. Because the District Court considered the terms of imprisonment and supervised release in tandem, "hedg[ing] against a relatively lenient term of imprisonment by imposing a longer term of supervised release," United States v. Leon, 663 F.3d 552, 556 (2d Cir. 2011) (quotation marks and brackets omitted), the record also shows that the stated reasons informed both components of his sentence. Cf. United States v. Alvarado, 720 F.3d 153, 159 (2d Cir. 2013) (concluding that the district court's

---

[1] Although it does not appear that Sausville raised these procedural concerns before the District Court, the Government does not argue that plain error review applies. Sausville's arguments, which identify no error, much less plain error, fail under either standard.

finding that additional deterrence was needed was sufficient justification for supervised release, even though the district court did not specifically link that finding to decision to impose supervised release).  Insofar as Sausville asserts that a sentencing court cannot combine its analysis of the factors for each component of a sentence but must justify each separately, we decline to consider an argument raised for the first time in his reply brief.  Evangelista v. Ashcroft, 359 F.3d 145, 155 n.4 (2d Cir. 2004).[2]

Sausville's remaining contention that the District Court erred in not considering a shorter term of supervision also fails.  The District Court understood that a term shorter than life was an available option, invited the parties' thoughts on imposing a lifetime term, and ultimately chose a within-Guidelines term after explaining the factors informing the decision.  In doing so, it did not abuse its discretion.  See United States v. Hayes, 445 F.3d 536, 537 (2d Cir. 2006).

2.  Substantive Reasonableness

We also conclude that Sausville's lifetime term of supervised release is substantively reasonable.  As the District Court explained, the term of supervision reflects the seriousness of his offense and the likelihood of recidivism, and it also is the least restrictive means of managing the risk Sausville poses to the public.  Sausville may also petition for early termination of his term of supervised release under 18 U.S.C. § 3583(e)(1) if circumstances warrant.  Under the circumstances, we cannot say that Sausville's represents the

---

[2] We likewise decline to consider any suggestion in Sausville's reply brief that the District Court also erred in not justifying sufficiently the special conditions of his supervised release.

4

exceptional case that falls outside "the range of permissible decisions." <u>Cavera</u>, 550 F.3d at 191.

We have considered Sausville's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court