United States v. Reese

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         DEBRA ANN LIVINGSTON,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
          Appellee,

          -v.-                                    13-2899

John Reese,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Lisa A. Peebles (James P. Egan,
                            on the brief), Federal Public
                            Defender, Syracuse, New York, on
                            submission.

FOR APPELLEES:             Paul D. Silver (Lisa M.
                           Fletcher, on the brief), for
                           Richard S. Hartunian, United

1

States Attorney for the Northern District of New York, Albany, New York, <u>on submission</u>.

Appeal from a judgment of the United States District Court for the Northen District of New York (Hurd, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

John Reese appeals from the judgment of the United States District Court for the Northen District of New York (Hurd, <u>J.</u>), revoking Reese's supervised release and sentencing him to 9 months' imprisonment, followed by a life term of supervised release. Reese challenges the imposition of lifetime supervised release on the grounds that the court (1) failed to adequately explain the reason for the sentence and (2) abused its discretion. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Reese's claim that the district court did not adequately explain the reasons for his sentence, raised for the first time on appeal, is reviewed for plain error. <u>United States v. Alvarado</u>, 720 F.3d 153, 157 (2d Cir. 2013).

The district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." <u>United States v. Cassesse</u>, 685 F.3d 186, 192 (2d Cir. 2012). Upon review of the record, the district court sufficiently explained that the violation occurred less than one year after Reese's release from prison, Reese had "lied on a number of occasions," and Reese "refus[ed] to accept the situation." A-122.

**2.** Reese argues that the district court abused its discretion in imposing supervised release for life because this term far exceeded the statutory maximum prison term authorized for the underlying offense.

We review a sentence imposed for violating a condition of supervised release under "the same standard as for

2

sentencing generally: whether the sentence imposed is reasonable." United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005). We "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and emphasis omitted).

A life term of supervised release has been found reasonable where, as here, such a term was "recommended under the Sentencing Guidelines." United States v. Hayes, 445 F.3d 536, 537 (2d Cir. 2006) (noting that such a recommendation supports, but does not necessitate, a determination of reasonableness). Moreover, "[d]istrict courts are permitted . . . to hedge against a relatively lenient term of imprisonment by imposing a longer term of supervised release." United States v. Leon, 663 F.3d 552, 556 (2d Cir. 2011), cert denied, 132 S. Ct. 1777 (2012) (quotation marks and original brackets omitted). Here, Judge Hurd considered imposing the statutory maximum prison term of two years because Reese had violated the terms of his supervised release in his first year out of prison, Reese displayed a defiant attitude while under supervision, and Reese had been untruthful about his conduct. However, after considering Reese's mitigating circumstances, the district court imposed a within-Guidelines sentence of nine months' imprisonment followed by a life term of supervised release. This sentence was reasonable and within the court's discretion.

For the foregoing reasons, and finding no merit in Reese's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK