17-0653-cr
*United States v. Gregory Kurzajczyk*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand eighteen.

PRESENT:  RALPH K. WINTER,
          GERARD E. LYNCH,
          DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

          v.                                          17-0653-cr

GREGORY KURZAJCZYK, AKA GRZEGORZ
KURZAJCZYK,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          Michael S. Barnett, Carina H.
                                       Schoenberger, Assistant United States
                                       Attorneys, *for* Grant C. Jaquith, Acting
                                       United States Attorney for the Northern

District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:

Molly K. Corbett, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Gregory Kurzajczyk appeals from a judgment entered January 10, 2017, sentencing him to 72 months' imprisonment followed by a life term of supervised release.  Kurzajczyk pleaded guilty to a two-count indictment for distribution and receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and 2256(8)(A).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Between July 2014 and January 2015, using peer-to-peer file sharing software, undercover law enforcement officers downloaded pictures and videos depicting child pornography from a computer associated with Kurzajczyk's residence. In April 2015, law enforcement officers searched Kurzajczyk's home pursuant to a federal search warrant and seized his electronic devices.  Forensic analyses of the

2

electronic devices revealed thousands of images depicting child pornography, including images of children under the age of twelve.

On April 14, 2015, Kurzajczyk was charged by criminal complaint with distribution of child pornography. Kurzajczyk was released on bond subject to certain conditions. On June 22, 2016, a federal grand jury returned an indictment charging Kurzajczyk with distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). On September 2, 2016, Kurzajczyk pleaded guilty to both counts of the indictment. At the conclusion of the hearing, the district court remanded Kurzajczyk for, *inter alia*, violating the conditions of his pre-trial release. Although he had been ordered not to possess or use a computer or internet-capable device, probation officers found Kurzajczyk in possession of a laptop computer, thumb drive, and internet-capable cellular telephone. Kurzajczyk admitted accessing the internet and using the laptop to transfer adult pornographic images.

The presentence investigation report (the "PSR") calculated Kurzajczyk's guideline range of imprisonment to be 151-188 months, based on a total offense level of 34 and a criminal history of category I. The PSR also noted a minimum term of supervised release of five years with a maximum term of supervised release of life, and

that the Sentencing Commission recommends the statutory maximum term of supervised release when the conviction is a sex offense.

On January 10, 2017, the district court sentenced Kurzajczyk to two concurrent terms of 72 months' imprisonment followed by two concurrent life terms of supervised release. Kurzajczyk filed an untimely notice of appeal on March 2, 2017. The government moved to dismiss the appeal and Kurzajczyk cross-moved to remand for the re-entry of judgment. After both motions were withdrawn, this Court ordered Kurzajczyk's appeal to proceed to briefing.

On appeal, Kurzajczyk argues that the sentence is procedurally unreasonable because the district court failed to state its reasons for imposing the maximum term of supervised release. Moreover, he argues the sentence of lifetime supervised release is substantively unreasonable because it is unduly harsh and burdensome given Kurzajczyk's lack of criminal history, his offense characteristics, and his commitment to treatment.

We review sentencing decisions for procedural and substantive reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc); *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We apply a "deferential abuse-of-discretion" standard to both procedural and substantive review. *Cavera*, 550

4

F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions," *id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)), that is, a sentence is substantively unreasonable if it "shock[s] the conscience," constitutes a "manifest-injustice," or is otherwise substantively unreasonable, *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

In sentencing a defendant, a district court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the imposed sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3583(c). In setting a term of supervised release after imprisonment, the court must consider all of these factors, except the factor set forth in 18 U.S.C. § 3553(a)(2)(A) -- the need for the sentence to reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id*. The reason for this difference in sentencing factors is that "[s]upervised release is not, fundamentally, part of the punishment; rather its focus is rehabilitation." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015); *see also United States v. Burden*, 860 F.3d 45, 56 (2d Cir. 2017) (per curiam) (explaining that Congress's omission of the § 3553(a)(2)(A) factor accords with the purposes of supervised release to fulfill rehabilitative ends).

5

The district court must state the reasons for its imposition of the sentence in open court.  18 U.S.C. § 3553(c).  The failure to adequately explain its chosen sentence may constitute procedural error.  *Cavera*, 550 F.3d at 190.  These concepts apply to both terms of imprisonment and supervised release.  *See Aldeen*, 792 F.3d at 252.

Because Kurzajczyk did not raise his arguments during the sentencing proceeding, we review the sentencing decision of the district court for plain error. *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam) ("Where, as here, a defendant contests the procedural reasonableness of his sentence on appeal, but did not raise his objections before the district court, we review for plain error.") (citation omitted).  "A finding of 'plain error' requires that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id*. (citation omitted).

The district court did not commit plain error in determining its sentence because it adequately considered the applicable § 3553(a) factors.  The court stated in open court that it considered the PSR, addendum, submissions by counsel, the Sentencing Guidelines, and the § 3553(a) factors.  The court adopted "the factual

6

information and the guideline applications contained in the [PSR]," without objection from defense counsel. App'x at 75. Additionally, the court enumerated specific reasons for its decision, including: "the advanced age of [Kurzajczyk], his lack of criminal history, his family circumstances and his medical conditions," as well as his "conduct, which includes the distribution and receipt of child pornography including images and videos depicting prepubescent minors and sadistic and masochistic conduct demonstrat[ing] that he does have a sexual interest in children and this warrants a substantial sentence above the mandatory minimum." App'x at 76-77. The court concluded that "the sentence to be imposed is sufficient but not greater than necessary to meet the goals of sentencing outlined in Section 3553(a), including the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, for a deterrence to criminal conduct and to protect the public from further crimes." App'x at 77. With respect to the special conditions of supervised release, the court noted that they were "necessary and justified in this case based on the nature of the instant offense, as well as the history and characteristics of the defendant as outlined in detail in the [PSR]." App'x at 78.

The district court's stated reasons for the sentence applied to the entire sentence, not just imprisonment, as Kurzajczyk argues. We do not require that the

7

district court separately justify each component of a sentence, but rather that it look at the decision holistically. *See Cavera*, 550 F.3d at 193 (noting "we do not require 'robotic incantations'" or "formulaic or ritualized burdens"). It is clear from the record that the district court considered the relevant factors outlined above in imposing both the prison sentence and term of supervised release. With respect to supervised release, the district court remarked on the nature of the offense and the defendant's history and characteristics, which adequately explains the decision using permissible factors. Accordingly, Kurzajczyk has not demonstrated any error, let alone plain error, and this sentence was procedurally reasonable.

We further find the sentence substantively reasonable. First, a life term of supervision for this type of crime is permitted under the statute and the Sentencing Guidelines. *See* 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b)(2) (policy statement). Second, the Guidelines recommend a life term of supervised release for sex offenses, U.S.S.G. § 5D1.2(b)(2) (policy statement), which includes distribution of child pornography, U.S.S.G. § 5D1.2 cmt. n.1. Third, congressional reports indicate high rates of recidivism for sex offenders as a reason to recommend lifetime supervised release. *See* H.R. Rep. No. 107-527, at 2 (2002). Finally, we have consistently affirmed life terms of supervised release for similar crimes. *See, e.g.*, *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006)

(affirming lifetime supervised release sentence for defendant convicted of distributing child pornography).  We conclude that the life term of supervised release here was substantively reasonable.

. . .

We have considered Kurzajczyk's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9