16-3508
*United States v. Brown*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 7th day of March, two thousand eighteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judge*,
>JESSE M. FURMAN,[*]
>>*District Judge*.

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                     No. 16-3508

JOSEPH P. BROWN,

>*Defendant-Appellant*.

---

For Defendant-Appellant:                    Nicholas J. Pinto, Esq., New York, NY.

---

[*] Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Appellee:                                    Wayne A. Myers and Carina H. Schoenberger,
                                                 Assistant United States Attorneys, *for* Grant C.
                                                 Jaquith, United States Attorney for the
                                                 Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of

New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Joseph P. Brown appeals from a judgment of the Northern District of New

York (McAvoy, *J.*), entered October 17, 2016, finding him guilty of violating supervised release

conditions imposed as a sentence for possession of child pornography and ordering a new

sentence of 14-months' incarceration followed by a life term of supervised release. We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and the

issues on appeal.

Brown argues that the duration and conditions of supervised release imposed by the

district court are substantively unreasonable. "A sentencing court may impose special conditions

of supervised release that are 'reasonably related' to certain statutory factors governing

sentencing, 'involve[] no greater deprivation of liberty than is reasonably necessary' to

implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing

Commission policy statements." *United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005)

(quoting 18 U.S.C. § 3583(d)). "All federal sentences, including those imposed for violations of

supervised release, are reviewed for reasonableness." *United States v. Gonzalez*, 529 F.3d 94, 97

(2d Cir. 2008). "Reasonableness review has both a procedural and a substantive

component," *United States v. Irving*, 554 F.3d 64, 71 (2d Cir. 2009), and it is "akin to a

'deferential abuse-of-discretion standard,'" *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir.

2

2011) (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). This Court cannot "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," and should "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis omitted) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Brown was convicted of one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b), and sentenced to five years' imprisonment and a lifetime of supervised release. Brown's offense involved possession of hundreds of images and over a dozen videos depicting child pornography, as well as contact with multiple underage girls. The terms of his supervised release restricted his contact with minors and limited his access to computers. He challenged the substantive reasonableness of his sentence and supervised release on direct appeal, but both were affirmed. *United States v. Brown*, 360 F. App'x 189, 191–92 (2d Cir. 2010) (summary order). Brown was released from custody in 2011. While on supervised release, he engaged in repeated unauthorized access to computers and contacted a number of young girls in Alaska via text message, posing as a 20- to 21-year old man named "Justin." He pled guilty to four violations of supervised release and was sentenced to 14 months' incarceration and a life term of supervised release, with conditions that were substantially similar to those originally imposed. The conditions prohibit Brown from having unsupervised contact with persons under the age of 18 or frequenting places where minors are likely to congregate; prohibit him from using or possessing a computer, except at his place of employment, unless it is subject to restrictions and monitoring; and mandate that, if his employment requires the use of a computer,

3

he must notify the employer of the nature of his conviction and the fact that it was facilitated by the use of a computer.

Relying on *United States v. Jenkins*, 854 F.3d 181, 194 (2d Cir. 2017), Brown argues that a lifetime of supervised release under these conditions is substantively unreasonable because it means that he will be unemployable and will never be able to integrate into society. However, the reasonableness of a sentence is an individualized inquiry, *Cavera*, 550 F.3d at 190, and, unlike the defendant in *Jenkins*, Brown has already violated the conditions of his supervised release and both his original offense conduct and his violations involved contact with minor females. The district court acknowledged that "the conditions of probation [were] difficult on [Brown's] family" but explained that "the only alternative is to keep you in jail and not put you on supervised release[,] and that's not the right thing to do either." App. at 85. In addition, the court explained that supervised release was necessary because Brown was "in danger of going forward and having [his] conduct escalating into conduct [that was] going to put [him] behind bars for a lot more time." *Id.* We agree. Given Brown's repeated violations, his pattern of posing as a young man to exploit the trust and sexuality of young women for his own titillation, and the risk that this behavior poses to both the public and to Brown, we cannot conclude that a life term of supervision under the aforementioned conditions is outside "the range of permissible decisions." *Cavera*, 550 F.3d at 189 (quoting *Rigas*, 490 F.3d at 238). Consequently, we reject Brown's challenge to the substantive reasonableness of his sentence.

We have considered all of defendant's arguments and have found in them no basis for reversal. Accordingly, we **AFFIRM** judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4