United States v. Walter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

PRESENT:

JOHN M. WALKER, JR.,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          20-2490

KURTIS WALTER,

*Defendant-Appellant.*

_____

FOR APPELLEE:                          Carina H. Schoenberger, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:    James P. Egan, Assistant Federal Public Defender, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kurtis Walter appeals from a judgment of conviction entered on July 29, 2020. On January 22, 2020, Walter pled guilty to one count of distribution and two counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1). The district court sentenced Walter principally to 78 months' imprisonment and 15 years' supervised release on each count, to run concurrently. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Walter takes issue only with his term of supervised release, which he contends is procedurally and substantively unreasonable. "We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).

First, Walter challenges the procedural reasonableness of his term of supervised release. Although Walter acknowledges that "the district court provided a lengthy explanation for a below-guideline sentence of 78 months' imprisonment," Appellant's Br. at 7, he contends that the court "offered insufficient reasons to support the 15-year term of supervised release," *id*. at 14. He argues that this Court thus "has no way to determine whether the district court considered the relevant factors of Section 3553(a)." *Id*. Walter's argument lacks merit. "Nothing in Section 3553(c) or our case law requires a district court to undertake a separate recitation of the basis for each part of the sentence imposed." *United States v. Williams*, No. 20-1021-cr, slip op. at 6 (2d

Cir. May 26, 2021). All that we require is that the district court "identify the consideration or considerations driving the selection of the sentence." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). We generally understand that explanation to apply to the sentence as a whole, including any term of supervised release as well as any term of imprisonment. We also "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments" where, as here, the record does not "suggest[] otherwise." *Id.*

Second, Walters claims that his term of supervised release is substantively unreasonable. "Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up). Walter's term of supervised release "easily falls within the range of permissible decisions available to the district court." *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016). As a general matter, Walter's 15-year term is within the Guidelines range of 5 years to life and below the Sentencing Commission's recommendation of life. *See* U.S.S.G. § 5D1.2(b) (policy statement). "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Alcius*, 952 F.3d 83, 88 (2d Cir. 2020) (cleaned up). That is especially true when, as here, a within-Guidelines term of supervised release follows a lenient, below-Guidelines term of imprisonment. *See United States v. Leon*, 663 F.3d 552, 556 (2d Cir. 2011) ("District courts are permitted . . . to hedge against a relatively lenient term of imprisonment by imposing a longer term of supervised release." (cleaned up)). We have consistently affirmed equivalent or lengthier

3

terms of supervised release for defendants convicted of similar offenses. *See, e.g.*, *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006) (affirming life term of supervised release for defendant convicted of transporting child pornography in interstate commerce). [1] Walter provides no convincing reason for us to conclude otherwise.

We have considered Walter's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] *See also, e.g.*, *United States v. Likens*, 831 F. App'x 22, 23 (2d Cir. 2020) ("Here, the 15-year term of supervised release—towards the middle of the Guidelines range of five years to life—fits comfortably within the range of permissible outcomes in cases of this sort."); *United States v. Jenkins*, 832 F. App'x 736, 739 (2d Cir. 2020) (affirming 15-year term of supervised release for defendant convicted of possessing and transporting child pornography); *United States v. Mears*, 758 F. App'x 92, 95 (2d Cir. 2018) (affirming life term of supervised release for defendant convicted of possessing and distributing child pornography); *United States v. Kurzajczyk*, 724 F. App'x 30, 33–34 (2d Cir. 2018) (affirming life term of supervised release for defendant convicted of distributing and receiving child pornography).

4